IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN HEIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-79 |
| | ) | |
| OASIS COMMISARY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This *pro se* prisoner civil action was received by the Clerk of Court on March 1, 2022 and referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges. ECF No. 1. Plaintiff, a former inmate at the Erie County Prison ("ECP"), has brought claims under 42 U.S.C. §1983 against Oasis Commissary and an individual identified only as "Justin," based on the alleged violation of his federal civil rights.

Pending before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* *("IFP")*. ECF No. 1. After reviewing that motion and screening the complaint in accordance with 28 U.S.C. §1915(e)(2) and §1915A, Judge Lanzillo issued a report and recommendation ("R&R") on July 11, 2022. ECF No. 7. In his R&R, Judge Lanzillo recommends that the Court grant the IFP motion but dismiss the complaint for failure to state a viable claim or, alternatively, dismiss this case based on Plaintiff's failure to prosecute his claims.

Objections to the R&R were due on or before July 28, 2022. To date, no objections have been filed.

1

After careful review, this Court agrees that the motion for leave to proceed IFP should be granted.  The Court also agrees that Plaintiff's complaint fails to state a claim upon which relief can be granted.  Critically, Plaintiff's pleading fails to provide a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8 of the Federal Rules of Civil Procedure.  At best, the complaint makes only vague reference to commissary items that were allegedly stolen and/or given to another inmate, but it does not even indicate who the responsible parties are, much less does it identify a plausible basis of liability against them.  Consequently, the complaint must be dismissed under Rule 12(b)(6), as it fails to set forth any cognizable grounds for legal relief.

As for the second basis for dismissal (*i.e.*, failure to prosecute), the Court agrees with Judge Lanzillo's conclusion that dismissal is warranted based on the factors outlined in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984). Plaintiff has not meaningfully participated in this case since the filing of his complaint in March 2022 and, when directed to amend his pleading by Judge Lanzillo, he declined to do so despite Judge Lanzillo's admonition that Plaintiff's failure to comply with that order might result in a dismissal of the case for failure to prosecute.  ECF No. 6.  Moreover, notwithstanding Judge Lanzillo's recommendation in the R&R that this case should be dismissed, ECF No. 7, Plaintiff has declined to file objections or otherwise attempt to remedy the defects in his pleading.

Accordingly, after *de novo* review of the Complaint, the Magistrate Judge's Report and Recommendation, and all other relevant filings and developments in this case, the following Order is entered:

NOW, this 25th day of August, 2022,

IT IS ORDERED that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, ECF No. [1], shall be, and hereby is, GRANTED. Accordingly, the Clerk is directed to file Plaintiff's complaint at a separate docket number.

IT IS FURTHER ORDERED that the Complaint in this case shall be, and hereby is, DISMISSED based upon Plaintiff's failure to state a claim upon which relief can be granted, as well as his failure to prosecute his claims. Out of an abundance of caution, however, the dismissal of the complaint shall be WITHOUT PREJUDICE to Plaintiff's right to file an amended pleading **on or before September 16, 2022**. **In the event Plaintiff fails to amend his complaint within that time frame, the dismissal of his claims will be converted to a dismissal WITH PREJUDICE, and the case will be marked "closed," without further notice. If Plaintiff opts to file an amended complaint within the aforementioned timeframe, the amended pleading must comply with the requirements set forth in Judge Lanzillo's April 1, 2022 Order. See ECF No. [6].**

Finally, IT IS ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo dated July 11, 2022, ECF No. [7], as modified herein, is adopted as the opinion of this Court.

*/s/ Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cm:   John Heim
      4524 Crayton Road
      West Springfield, PA  16443
      (via U.S. Mail)

      The Honorable Richard A. Lanzillo (via CM/ECF)